**S/I**

**FEE PAID**

1   Jorge Alejandro Rojas
    Rojas.jorge96@gmail.com
2   Plaintiff in Pro Se
    557 Cambridge Way
3   Bolingbrook, IL 60440
    (424) 219-1582
4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

                                    **2:22-CV-04951-DSF-MARx**

10  JORGE ALEJANDRO ROJAS,              Case No.: _____

11              Plaintiff,

12  vs.                                 COMPLAINT FOR:
                                        VIOLATIONS OF THE TELEPHONE
13  LEVEL THE MARKET LLC d/b/a MLS      CONSUMER PROTECTION ACT, 47
    AGENT, ARDALAN AFSHAR a/k/a         U.S.C. § 227
14  ARDY AFSHAR,

                Defendants.

15      Plaintiff, Jorge Alejandro Rojas, brings this action under the Telephone

16  Consumer Protection Act, 47 U.S.C. § 227, and its implementing regulations,

17  against Defendants Level the Market LLC doing business as MLS Agent ("MLS

18  Agent"), and Ardalan Afshar also known as Ardy Afshar ("Afshar"), collectively

19

20  COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 -
    1

1  "Defendants", and alleges based on personal knowledge and information and belief,

2  as follows:

3  **INTRODUCTION**

4  1. As the Supreme Court has explained, Americans passionately disagree

5  about many things. But they are largely united in their disdain for robocalls.

6  The government receives a staggering number of complaints about

7  robocalls—3.7 million complaints in 2019. The States likewise field a

8  constant barrage of complaints. For nearly 30 years, representatives in

9  Congress have been fighting back. As relevant here, the Telephone

10  Consumer Protection Act of 1991, known as the "TCPA", generally

11  prohibits robocalls to cell phones and home phones. *Barr v. Am. Ass'n of*

12  *Political Consultants, 140 S. Ct. 2335, 2343 (2020).*

13  2. Plaintiff brings this action against Defendants for violations of the TCPA,

14  47 U.S.C. § 227, and its implementing regulations, 47 C.F.R § 64.1200.

15  3. This case involves a campaign by Defendants to obtain business via itself

16  or affiliates making telemarketing calls to solicit business, specifically, to

17  buy and/or sell homes and utilize real estate broker services, despite not

18  having the required consent to contact Plaintiff.

19

20

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 2

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Defendant as it regularly and systemically conducts business in the state of California. Specifically, Defendants conduct significant business in the State and are incorporated therein. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

6. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

7. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

8. Defendant Level the Market LLC, doing business as MLS Agent ("MLS Agent"), is a California Corporation, with address of 126 S Swall Dr Los Angeles, CA 90048, and a registered agent of Ardalan Afshar at the same address.

9. Defendant Ardalan Afshar also known as Ardy Afshar ("Afshar"), is the Chief Executive Officer of MLS Agent and has the same address.

10. Defendant Afshar owned, operated, and was an officer, employee, and/or agent of Defendant MLS Agent. At all material times referenced herein, he participated in the conduct that was directed at Plaintiff. The acts and omissions performed by Afshar giving rise to liability in this matter occurred or were performed in this District.

11. Defendants are persons as defined by 47 U.S.C. § 153(39).

12. Defendants acted through its agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

13. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. See 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012).

14. "A text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of § 227(b)(1)(A)(iii)". *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156, (2016).

15. The TCPA provides a private cause of action to persons who receive such automated or pre-recorded calls. *See* 47 U.S.C. § 227(b)(3).

16. The TCPA makes it unlawful to receive more than one telephone call which violates the TCPA regulations "Do Not Call" provisions. *See* 47 C.F.R. § 64.1200(c)(2).

17. The TCPA provides a private cause of action to persons who receive such "Do Not Call" calls. *See* 47 U.S.C. § 227(c)(5)(B).

18. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or

service.[]" *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

19. The TCPA's definition of telephone solicitation applies to the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

20. The TCPA's definition of unsolicited advertisement applies to "means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

21. The TCPA requires entities and persons engaging in telemarketing meet minimum standards, including training their personnel concerning the rules regarding telemarketing. 47 C.F.R. §§ 64.1200(d)(1)-(d)(3); 47 C.F.R. § 64.1200(b).

22. When considering individual officer liability under the TCPA, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g., Jackson Five Star*

*Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v.* Universal *Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

23. Under the TCPA, individual party Defendants are personally liable for the acts and omissions alleged in this Complaint.

24. Individual Defendants directed and oversaw the telemarketing activity in progress, including selecting any third-party affiliate to make the call, exercised control over those affiliates, and any other employees who made the telephone calls.

## **FACTUAL ALLEGATIONS**

25. At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (424) XXX-1582. The phone number is not associated with a business and is used by Plaintiff solely.

26. Plaintiff is the account holder and customary user of his phone number.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 7

27. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008.

28. Plaintiff registered his phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.

29. Defendant MLS Agent operates a website, https://www.mlsagent.org, which is a service that connects real estate brokers with "high intent seller leads," which have in fact never provided their consent to receive telemarketing calls and texts.

30. **Call 1.** On May 23, 2022, at 1:32 PM Chicago time, Plaintiff received a text message from Defendants, from 424-424-5615.

31. The text message stated "Hi JORGE, we might have a highly interested buyer for your [address] property. Available to chat? – Tess"

32. **Call 2.** On May 23, 2022, at 1:32 PM Chicago time, Plaintiff received a text message from Defendants, from 424-424-5615.

33. The text message stated "You've agreed to receive messages from MLS. Reply STOP to unsubscribe or HELP for help. Msg&Data rates may apply."

34. Plaintiff did not agree to receive messages from MLS.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 8

35. Plaintiff replied to the text with "Hi Tess. Sure. Can you send me your business card?" following Call 2.

36. Shortly after the response text, Plaintiff received a follow up text stating "Ok Wonderful! Appreciate your response. I will have my agent - Poora reach out to you with the details."

37. On or about May 27, 2022, Plaintiff received a telephone call from an agent which does not work for Defendants.

38. On or about June 2, 2022, Plaintiff brought an action in this District against the real estate entity, alleging violations of the TCPA. *Rojas v. D'Amico Palos Verdes Realty Inc, et. al*, 2:22-cv-03782-SB-PVC. That action has been settled amongst the parties. In that action, the indispensable parties named herein were identified as having provided the "lead" to the Defendants in the *D'Amico* action, and claims against it are still viable.

39. On June 28, 2022, Plaintiff requested a copy of the Do Not Call policy of Defendants in writing via e-mail, by emailing the address identified on Defendants contact page, https://www.mlsagent.org/contact/, support@mlsagent.org.

40. The June 28, 2022 email bounced, "because the address couldn't be found, or is unable to receive mail."

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 9

41. The generic nature of the text messages demonstrate that an ATDS was utilized in making them. The text messages are also pre-recorded in nature.

42. The text messages from the sender did not state who they were from, which falls short of the TCPA regulations identification and disclosure requirements.

43. The above calls were made by Defendants for the purpose of soliciting the purchase or the sale of a product or service, specifically, real estate, and soliciting the services of a real estate agent.

44. The conduct alleged in this action was made willful and knowingly, including for example failing to fully disclose identity.

45. The TCPA requires telemarketers to provide training to its employees, contractors, etc., and Defendants have failed to properly train the same.

46. Defendants' calls to Plaintiff utilized an automatically generated and/or pre-recorded voice.

47. Defendants' phone calls utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

48. Plaintiff did not have a prior business relationship with Defendants.

49. Defendants did not have any consent to call Plaintiff.

50. Defendants are not an organization exempt from the TCPA.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 10

51. Defendants' calls to Plaintiff were a "telephone solicitation" as defined by the TCPA.

52. Defendants' calls to Plaintiff were an "unsolicited advertisement" as defined by the TCPA.

53. Upon information and belief, Plaintiff received additional calls from Defendants and its affiliates not included above.

54. Plaintiff alleges that Defendants train its affiliates to avoid divulging too much information to leads and customers in an effort to evade TCPA liability.

55. Defendants made further efforts to conceal their identity by transmitting a deceptive telephone number with a local area telephone codes to Plaintiff's telephone caller identification ("Neighbor Spoofing"). Neighbor Spoofing is done as a way to deceive the called party into believing the telemarketer is a local person or business, increasing the likelihood that the telemarketing call will be answered.

56. The impersonal and generic nature of the calls demonstrate Defendants utilized an ATDS and/or a pre-recorded voice in making the calls.

57. In total, Defendants and/or its affiliates placed at least two (2) telephone solicitation calls to Plaintiff.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 11

58. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendants.

59. Defendants have a pattern and practice of failing to comply with the TCPA.

60. The foregoing acts and omissions were in violation of the TCPA.

61. Defendants are engaging in violations of the TCPA in order to get business.

62. Employees can be held liable in TCPA actions for unlawful conduct.

63. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

64. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

65. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

66. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

67. Plaintiff is also entitled to an award of costs.

68. Defendants' calls were not made for "emergency purposes."

69. Defendants' calls to Plaintiff were made without any prior express written consent.

70. Defendants contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.

71. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

72. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

73. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

74. Plaintiff, in discovery will better identify how many telephone calls were made by Defendants and or its agents or affiliates, and requests leave to amend the complaint after identifying the instance count.

**COUNT 1.** Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

75. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

76. Defendants or one of its affiliates or vendors called/texted Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least two (2) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

77. Plaintiff was statutorily damaged at least two (2) times under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone calls/texts described above, in the amount of $500.00 for each.

78. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $3,000.00 plus costs and any other remedy deemed appropriate.

**COUNT 2.** Initiating A Telephone Solicitation To A Telephone Subscriber Who Has Registered His Number On The Do-Not-Call List At Least 31 Days Prior To The Telephone Call. 47 C.F.R. § 64.1200(C)(2)

79. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

80. Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 30 days prior to the calls described above.

81. Defendants called Plaintiff's telephone at least two (2) times after Plaintiff's telephone had been registered on the Do Not Call Registry for at least 31 days before Defendants' calls, in violation of 47 C.F.R. § 64.1200(c)(2).

82. Plaintiff was statutorily damaged at least two (2) times under 47 U.S.C. § 227(c)(5)(B) by the Defendants by the telephone calls/texts described above, in the amount of $500.00 for each of the two (2) telephone calls/texts.

83. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(c)(5)(C) for these willful or knowing violations.

1    WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor

2    and against, Defendants, jointly and/or severally, in an amount of $3,000.00 plus

3    costs and any other remedy deemed appropriate.

4    **COUNT 3.** Violation concerning Identification of Sellers and Telemarketers, 47
C.F.R. § 64.1200(d)(4)

5    84. Plaintiff incorporates the foregoing paragraphs as through the same were set

6    forth at length herein.

7    85. The TCPA's implementing regulations require that the caller provide the

8    called party the name of the individual caller, the name of the person or

9    entity on whose behalf the call is made, and a telephone or address where

10   the person may be reached. 47 C.F.R. § 64.1200(b); 47 C.F.R §

11   64.1200(d)(4).

12   86. Defendants violated this provision during the telephone calls by not

13   identifying itself adequately during the first text and each subsequent one.

14   87. Plaintiff was statutorily damaged at least two (2) times under 47 U.S.C. §

15   227(c)(5)(B) by the Defendants by the telephone calls/texts described above,

16   in the amount of $500.00 for each of the two (2) telephone calls/texts where

17   a failure to properly identify was made.

18

19

20

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $1,000.00 plus costs and any other remedy deemed appropriate.

**COUNT 4.** Violation concerning written policies and training of personnel engaging in telemarketing, 47 C.F.R. §§ 64.1200(d)(1)-(d)(2)

88. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

89. The TCPA's implementing regulations require that the entities making telephone calls maintain written policies, available upon demand, concerning their do-not-call policy. 47 C.F.R. § 64.1200(d)(1).

90. The TCPA's implementing regulations require that the entities making telephone calls train its personnel engaging in telemarketing. 47 C.F.R. § 64.1200(d)(2).

91. Defendants violated these provisions by failing to provide training to personnel including Tess on the rules concerning disclosure of identity and the required consent.

92. Plaintiff was statutorily damaged at least one (1) times under 47 U.S.C. § 227(c)(5)(B) by the Defendants for the violations described above, in the amount of $500.00 for the failure to train employees regarding the TCPA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $500.00 plus costs and any other remedy deemed appropriate.

## COUNT 5.
### Violations of Do Not Call List Policy provisions, 47 C.F.R § 64.1200(d)(1)

93. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

94. The TCPA requires "Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list." 47 C.F.R § 64.1200(d)(1).

95. Plaintiff requested the policy from Defendants, and, as of transmitting this filing, has not been provided with said policy.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $500.00 plus costs and any other remedy deemed appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and/or severally, in an amount to be more fully determined at trial, but at least $8,000.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered,

B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b),

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C),

D. Statutory damages of $500.00 per call for each and every violation pursuant to 47 U.S.C. § 227(c)(5)(B),

E. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(c)(5)(C),

F. Statutory damages of $500 for each violation of 47 C.F.R. §§ 64.1200(d)(1)-(d)(4).

G. All reasonable attorneys' fees, witness fees, court costs, pre-judgment and post-judgment interest, and other litigation costs incurred by Plaintiff,

H. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future,

I. Leave to amend this Complaint to conform to the evidence presented at trial,

J. Any other relief this Court deems proper.

Respectfully submitted,

/ / /

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 19

Dated: July 20, 2022

JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 20